**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ANGEL NIEVES,** )<br><br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NO:** |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer, Angel Nieves, against Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2.      Plaintiff has a sister.  The siblings are different people with different social security numbers, different names, different genders, different debts, and different lives.

3.      Nonetheless, Defendant has mixed Plaintiff and his sister's credit files and has sold mixed credit files to Plaintiff's creditors.   In doing so, Defendant has created false impressions amongst Plaintiff's creditors as to his credit worthiness.

4. This lawsuit is based on Defendant's repeated failure to comply with federal law requirements relating to credit reporting.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this Court under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

7. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

8. Defendant is an Ohio corporation, it is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

9. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system."  15 U.S.C. § 1681(a)(1).

10. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

11. The FCRA requires that when a CRA prepares a credit report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

12. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that

3

item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report.  The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation.  15 U.S.C. § 1681i(a)

13.    Plaintiff's name is Angel Nieves.

14.    Plaintiff's sister's name is Angela Nieves.

15.    Plaintiff's and his sister's social security numbers are different from one another.

16.    Plaintiff and his sister have different birthdays.

17.    Plaintiff and his sister have different addresses.

18.    Despite the clear difference in names, genders, birthdays, social security numbers, and addresses, Defendant has furnished consumer reports to Plaintiff's potential creditors that contain his sister's name, addresses, and credit histories.

19.    In an attempt to remedy the situation, Plaintiff contacted Defendant several times to dispute the inaccurate information in his credit report.  Each time, however, Defendant refused reinvestigate his disputes because it claimed it could

not identify his credit file using his information. This was precisely the problem Plaintiff was trying to dispute: because Defendant mixed Plaintiff's file with his sister's information Plaintiff could not even open a dispute.

20. Because phone disputes did not work, Plaintiff sent a written dispute via certified mail in March 2025.

21. In his dispute letter Plaintiff explained that "My name is Angel Nieves. My birthdate is xx/xx/xxxx and my SSN is xxx-xx-xxxx. A copy of my driver's license is enclosed. I am writing to dispute accounts and information in my Experian credit report that does not belong to me. I believe this information belongs to my sister, Angela Nieves, whose SSN ends in xxxx. Please remove the following information from my credit file…"

22. Plaintiff's dispute letter identified 44 accounts that did not belong to him, as well as addresses, names, social security number, and inquiries that also did not belong to him. He also explained that several of the accounts listed his sister's ex-husband, Daniel Alvarez, as a joint account holder, which was further proof that the accounts do not belong to Plaintiff.

23. Defendant received Plaintiff's dispute.

24. Defendant did not conduct a reasonable reinvestigation into some or all of Plaintiff's dispute

25.    On April 27, 2025, Defendant responded to Plaintiff's dispute.

26.    In its dispute response, Defendant deleted 39 of the 44 disputed accounts, confirming that these accounts did not belong to Plaintiff.  Defendant also deleted multiple addresses, names, and social security number information that belonged to Plaintiff's sister.

27.    But Defendant refused to delete multiple accounts that he had disputed and that belong to his sister, including accounts with Affirm, Inc., Navient, Nissan Motor Acceptance, Best Egg, and Capital One Auto Finance.

28.    Following his dispute, Defendant listed Daniel Alvarez as Plaintiff's spouse.  This was incorrect.  As Plaintiff explained in his dispute letter, Daniel Alvarez is Plainitff's sister's ex-husband.

29.    Despite claiming to delete Plaintiff's sister's social security number from his credit report, her social security number still appears on the report.

30.    Because of Defendant's erroneous mixing of Plaintiff's credit file with his sister's credit file, and its refusal to correct its errors, Plaintiff has lost the opportunity to receive credit, and has suffered economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with his normal and usual activities.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

31.     Plaintiff re-alleges and incorporates all factual allegations set forth in this Complaint.

32.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

33.     Defendant reported information that it had reason to know was inaccurate.

34.     Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

35.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

36.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

37.    As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continue to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

38.    The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

39.    Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681i(a))

40.    Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

41.    After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit files.

8

42.   After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

43.   After Plaintiff submitted his dispute, Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

44.   As a result of these violations of 15 U.S.C. § 1681i(a)), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

45.   The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

46.   Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs of the action.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.


DATED: May 29, 2025

By: /s/ Jeffrey B. Sand
     Jeffrey B. Sand
     GA Bar No. 181568
     Andrew L. Weiner
     GA Bar No. 808278
     WEINER & SAND LLC
     6065 Roswell Road, Suite 700-121
     Sandy Springs, Georgia 30328
     (404) 205-5029 (Tel.)
     (404) 254-0842 (Tel.)
     (866) 800-1482 (Fax)
     js@wsjustice.com
     aw@wsjustice.com

10

11

*Counsel for Plaintiff*

11